UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LARRY P. SMITH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:10CV637 |
| | § | |
| CREST CADILLAC II, L.P., | § | |
| CREST CADILLAC, INC. and | § | |
| VAN ENTERPRISES, INC. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING MOTION TO DISMISS**

Now before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(B)(6) and Alternative Motion to Transfer and Consolidate and/or Remand (Dkt. 7). As set forth below, the motion is GRANTED in part and DENIED in part.

This action was filed by Plaintiff on November 17, 2010 against Defendants Crest Cadillac II, L.P., Crest Cadillac, Inc. and Van Enterprises, Inc. Plaintiff's sole cause of action in this case is "Interference With Protected Rights Under 29 U.S.C. § 1140." Plaintiff asserts that he was "employed by Defendants" during 2008. Plaintiff claims that he paid for insurance benefits and, after the requisite waiting period had passed to be eligible for coverage, planned on using his medical insurance for the cost of pre-operative work and surgery and his short-term disability insurance to cover his lost wages while recuperating from his planned surgery. According to Plaintiff, some of his pre-operative claims were paid and some were not. Plaintiff claims that Crest L.P.'s Human

Resources Director told him that some claims were not paid because he was not eligible for insurance coverage until at least October 1, 2008 (rather than September 1, 2008 as he had previously been told). Plaintiff claims that his access to the insurance plan benefits was continually obstructed and that he was ultimately terminated from his employment prior to using any of his paid benefits.

Defendants seek dismissal of Plaintiff's claims on various grounds. Defendants first argue that Plaintiff's complaint mischaracterizes a claim for denial of benefits as a claim for interference.

Under 29 U.S.C. §1140, the interference provision of ERISA, also referred to as Section 510,

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C.A. § 301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. §1140.

Defendants argue that, while Plaintiff has titled his claim a Section 510 interference claim, Plaintiff actually seeks damages under 29 U.S.C. § 1132 – the provision for recovery of benefits, making his case a recovery of benefits case in disguise.

Plaintiff responds that Section 510 specifically permits the recovery of remedies under Section 1132 of ERISA. The Court agrees.

Section 510 – 29 U.S.C. § 1140 – concludes by stating that "[t]he provisions of section 1132 of this title shall be applicable in the enforcement of this section." 29 U.S.C. §1140. Therefore, Plaintiff's reliance on the recovery of benefits provision in his complaint will not preclude an

interference claim here, nor does it automatically convert his claim to a claim under Section 1132. Plaintiff has clearly indicated in his complaint – and confirmed in his response – that his claim is one under Section 510. He will be bound accordingly.

Further, the Court finds that Plaintiff's complaint has sufficiently stated a claim for Section 510 interference under ERISA. "Section 510 of the Employee Retirement Income Security Act (ERISA) prohibits an employer from both retaliating against an employee for exercising an ERISA right and preventing an employee from attaining benefits to which he would become entitled under a pension benefit plan." *Montes v. Phelps Dodge Indus., Inc.*, 481 F. Supp.2d 700, 712 (W.D. Tex. 2006) (citing 29 U.S.C. § 1140; *Stafford v. True Temper Sports,* 123 F.3d 291, 295 (5th Cir. 1997); *Clark v. Resistoflex Co.,* 854 F.2d 762, 770 (5th Cir. 1988)). Under ERISA, a participant of an employee benefit plan must establish a prima facie case of discrimination against him for exercising a right granted by the benefit plan. *McGann v. H & H Music Co.,* 946 F.2d 401, 402 (5th Cir. 1991). An employee bringing a Section 510 claim must show: (1) prohibited adverse action by an employer (2) taken for the purpose of interfering with the attainment of (3) any right to which the employee is entitled. *Bodine v. Employers Cas. Co.*, 352 F.3d 245, 250 (5th Cir. 2003). Once the participant establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the discharge, and, if the employer articulates such a legitimate reason, the participant must prove that the reason is a pretext for the discriminatory action. *See Carlos v. White Consol. Indus., Inc.*, 934 F. Supp. 227, 232 (W.D. Tex. 1996). The Fifth Circuit has also held that, even when an employee has no existing rights, Section 510 also applies to adverse actions taken for the purpose of interfering with rights "to which such participant may become entitled under the

plan." *Bodine*, 352 F.3d at 250. Based on this precedent, the Court finds that Plaintiff has adequately stated an interference claim such that dismissal is not appropriate at this time.

Having found that Plaintiff has stated facts to support an interference claim, the Court next turns to whether he can state such a claim against all Defendants and whether the claim is properly and timely before the Court.

First, the Court addresses Defendants' argument that Plaintiff has failed to exhaust his administrative remedies under the plan. As a general rule, a plaintiff must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongfully denied. *Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950 (5th Cir. 1995). The Fifth Circuit has distinguished this rule, however, by noting that "cases applying this common law exhaustion requirement presuppose that the grievance upon which the lawsuit is based arises from some action of a plan covered by ERISA, and that the plan is capable of providing the relief sought by the plaintiff." *Id.* Therefore, when the plan is not capable of providing the relief sought by the plaintiff, the exhaustion doctrine is inapplicable. *Id.* (noting that the exhaustion requirement would apply to cases where employee is seeking lump sum from plan for benefits or the like); *see also Maynard v. USA Harness, Inc.*, 2006 WL 83426, 2 (E.D. Tex. 2006).

The grievance upon which Plaintiff's lawsuit is based here is his termination from employment – an action over which the plan itself had no control – and to present any claims about it to the plan for review "would make absolutely no sense and would be a hollow act of utter futility." *Chailland*, 45 F. 3d at 951. Therefore, the claim will not be dismissed for failure to

exhaust administrative remedies.

Defendant has also argued that Plaintiff's claims here are untimely. The Fifth Circuit has held that, in Texas, an ERISA Section 510 claim is subject to a two-year statute of limitations. *McClure v. Zoecon, Inc.*, 936 F.2d 777, 778 (5th Cir. 1991).

In this case, Plaintiff alleges that he was terminated on December 26, 2008. He filed suit in November 2010. Defendants argue that Plaintiff was aware of which claims were going to be paid and which were denied prior to his October 2008 surgery, but he did not file suit until November 2010. Defendants argue that Plaintiff's failure to bring suit within two years of the denial of benefits bars his suit here.

This Court has previously held that the statute of limitations for an ERISA Section 510 claim begins to run when the discriminatory decision is "made and *communicated*" to the plaintiff. *Berry v. Allstate Ins. Co.*, 252 F. Supp.2d 336, 342 (E.D. Tex. 2003). What is considered to be the "made and communicated" decision depends on the facts of the case. *See id.* (finding that a decision was made and communicated for different plaintiffs at different time depending on when plaintiffs were informed they would no longer be eligible to participate in benefit plans, either when: (1) one plaintiff was "fired and rehired" and informed that she would no longer be eligible to participate in benefits plans at that time; or (2) when plaintiffs were hired because they were informed from the beginning of their employment that they would not be able to participate in benefit plans); *Green v. Primerica Disability Income Plan*, 997 F. 2d 880, 1993 WL 260799, *2 (5th Cir. 1993) (termination of employment was considered the decision that triggered the running of statute of limitations).

5

Having reviewed the facts of this case in the context of the applicable precedent, the Court finds that Plaintiff's claim under Section 510 accrued when he was terminated. *Lopez ex rel. Gutierrez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 507 (5th Cir. 2004) ("Given that Gutierrez's cause of action under Section 510 accrued when she was terminated on August 27, 1997, Lopez's claim, filed nearly five years later, was untimely.").

While the Court is not bound by Northern District of Texas precedent, the Court notes that Judge McBryde's opinion in *Onyebuchi v. Volt Management Corp.* does not – as Defendants have argued – support their argument here. *Onyebuchi v. Volt Mgmt. Corp.*, 2005 WL 1981393, 4 (N.D. Tex. 2005). Indeed, the interference claims in that case were barred by the statute of limitations because they were filed more than two years after plaintiff was terminated and after his benefit enrollment was denied. It is simply inapplicable to these facts. The decision in *Murphy v. Verizon Commc'ns, Inc.*, 2010 WL 4248845, 12 (N.D. Tex. 2010) is equally distinguishable. The court in that case found that the Section 510 claim was made more than two years after "any alleged acts of interference with the plaintiffs' rights, and the plaintiffs do not allege any basis for tolling." *Id.* Here, Plaintiff has sufficiently alleged interference within the two year limitations period. A court should dismiss based on the statute of limitations only if that bar to relief appears on the face of the complaint or other appropriately considered materials. *Garrett v. Commonwealth Mortgage Corp. of Am.*, 938 F.2d 591, 594 (5th Cir.1991). Because Plaintiff filed his complaint within two years of his termination and because his termination is his alleged discriminatory decision, the claims will not be dismissed as a result of the statute of limitations.

Next, the Court addresses the Defendants' argument that Plaintiff has no claim against Defendants Van or Crest Cadillac, Inc. under Section 510 because they were not his employers. There is no dispute that Plaintiff was employed by Crest, L.P. What is disputed is whether Plaintiff can lodge a claim against Crest Cadillac, Inc., the general partner of Crest, L.P. or Van Enterprises, Inc., which provided the benefit plan at issue – the Van Enterprises Employee Benefit Trust Plan. In his response to the motion to dismiss, Plaintiff claims that he was employed by Van because "he was enrolled in a plan for Van's employees when he purchased insurance through his employment through Crest, L.P. and based on his information and belief that Crest, L.P. is in whole or in part owned and/or controlled by Van." Dkt. 13 at 9-10.

A review of case law from this Circuit indicates that claims under Section 510 should only be brought against employers, or those making employment decisions. In *Clark v. Resistoflex*, the Fifth Circuit suggests that Section 510 was not intended to address interference by non-employers. *Clark v. Resistoflex Co.*, 854 F.2d 762, 770-71 (5th Cir. 1988). And one Lousisiana District Court, in discussing the Fifth Circuit's opinion in *Clark* noted: "The policy thrust of Section 1140 seems to target the employment relationship out of which employee benefits arise. The text of Section 1140 speaks of conduct which, functionally, can only be completed by one who is an employer of the aggrieved person." *Rollo v. Maxicare of Louisiana, Inc.*, 698 F. Supp. 111, 114 (E.D. La. 1988) (Section 1140 was not intended to apply to non-employers). And a subsequent unpublished Fifth Circuit opinion noted that Section 510 was not intended to apply to non-employers. *Green v. Primerica Disability Income Plan*, 997 F. 2d 880, 1993 WL 260799, *1 (5th Cir. 1993) ("An ERISA plan is not a proper defendant for a section 510 claim."). At the very least, the Court agrees with

Defendants that the only possible way Plaintiff can have a Section 510 claim against a non-employer is if the non-employer is alleged to have participated in the discriminatory conduct. *See Hatteberg v. Red Adair Co., Inc. Employees' Profit Sharing Plan and its Related Trust*, 79 Fed. Appx. 709, 719, 2003 WL 22510848, 6 (5th Cir. 2003) ("A plaintiff must offer evidence from which it can be inferred that defendant intended to discriminate against him in realizing benefits under a plan."). Here, no facts have been alleged that would show that Van – a plan administrator – had any role in the decision to terminate Plaintiff. And Plaintiff's pleadings offer no facts that would support a finding that Van could be treated as his employer as he has alleged. Therefore, the claims against Defendant Van Enterprises are DISMISSED.

The Court finds that, from the record before it, summary judgment is a more appropriate time to determine whether Crest Cadillac, Inc. had a role in the termination decision and could be treated as an employer for purposes of liability under Section 510. Therefore, those claims remain at this time.

Finally, because this Court has exclusive jurisdiction over ERISA claims, Defendants' request to transfer or consolidate this case into the state court case is DENIED. Defendants have cited no authority in support of such a request, and its does not appear to be the proper procedural resolution for Defendants' concerns. Therefore, the claims against Defendants Crest Cadillac, Inc. and Crest Cadillac II, LP shall remain before the Court at this time.

Because the Court was able to dispose of Defendants' motion without the need for a hearing, Defendants' Motion for Hearing on their Motion to Dismiss and Alternative Motion to Transfer and Consolidate and/or Remand (Dkt. 15) is DENIED.

**SO ORDERED.**

**SIGNED this 21st day of September, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE